UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNA PERRY and ROBERT PERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICING and PHH MORTGAGE SERVICES,<br><br>Defendants. | CIVIL ACTION NO. 3:22-cv-30109 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, PHH Mortgage Corporation[1] ("PHH") hereby removes the above-captioned action to this Court based on the following supported grounds:

## I. PROCEDURAL BACKGROUND AND NATURE OF ACTION

1. On July 1, 2022, Plaintiffs, Dianna Perry and Robert Perry, individually and on behalf of all others similarly situated (the "Plaintiffs"), filed a complaint in Hampden Superior Court, captioned *Dianna Perry, Individually and on behalf of all others similarly situated et al vs. Shellpoint Mortgage Servicing et al*, C.A. 2279CV00381. (A true and accurate copy of the complaint is attached hereto as **Exhibit A**, the "Complaint.")

2. PHH was served with a copy of the Complaint on July 20, 2022.

3. The Complaint sets forth a putative class action where the Plaintiffs challenge certain mortgage loan servicing communications sent to them, based on the allegation that the ability to collect on the Plaintiffs' loan had expired under the Massachusetts statute of limitations

---

[1] Incorrectly named as "PHH Mortgage Services."

applicable to contracts. The Plaintiffs allege that the communications they received in relation to the loan after this time violated the Code of Massachusetts Regulations debt collection sections prohibiting creditors from contacting consumers about time-barred debts where the communication failed to notify the consumers that the debt was time barred (Count I). Based on this purported violation, they assert further violations of the Massachusetts Consumer Protection Statute (Count II) and seek a judgment quieting title in their favor (Count III).

## II.    THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

4.    The United States Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332.

5.    First, there is complete diversity of citizenship under 28 U.S.C. § 1322(a). The Plaintiffs are citizens of Massachusetts. (*See* Ex. A, ¶¶ 1-2.)

6.    Defendant, NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business at 1100 Virginia Drive, Suite 1100, Fort Washington, PA 19034. (A copy of the business entity summary obtained from the records of the Massachusetts Secretary of State is attached hereto as **Exhibit B**.) Therefore, Shellpoint is a citizen of Delaware and Pennsylvania for diversity purposes. *See* 28 U.S.C. § 1332 (c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

7.    PHH is a corporation organized under the law of the State of New Jersey, with its principal place of business at 1 Mortgage Way, Mount Laurel, New Jersey 08054. (A copy of the business entity summary obtained from the records of the Massachusetts Secretary of State is

attached hereto as **Exhibit C**.) Therefore, PHH is a citizen of New Jersey for diversity purposes. *See* 28 U.S.C. § 1332 (c)(1).

8.  Accordingly, complete diversity exists between the Plaintiffs (citizens of New Jersey), Shellpoint (a citizen of Delaware and Pennsylvania), and PHH (a citizen of New Jersey).

9.  Second, the amount in controversy exceeds $75,000.00. The Civil Action Cover Sheet filed with the Complaint states that the Plaintiffs are seeking $55,000.00, to be trebled under M.G.L. c. 93A ("Chapter 9A"). (A true and accurate copy of the Civil Cover Sheet is attached hereto as **Exhibit D**.) Because the calculation of damages for removal purposes includes damages trebled under Chapter 93A, the amount in controversy exceeds $75,000.00. *See Lopez v. United States Bank N.A.*, Civil Action No. 14-cv-11944-MGM, 2014 U.S. Dist. LEXIS 138314, at *5 (D. Mass. Sep. 30, 2014) ("When an applicable state statute provides attorneys fees, reasonable estimates of those fees are included as part of the amount in controversy.") (citing *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001)).

10. Based on the foregoing, this Court has jurisdiction over this action based upon diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III. DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

11. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as fewer than 30 days have elapsed since PHH served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend"). Even if Shellpoint was served prior to PHH, removal is nonetheless timely, pursuant to

28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.")

12. Shellpoint, through its counsel, has assented to removal.

13. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to the Plaintiffs and will be filed with the appropriate clerk, following filing of this Notice of Removal.

14. Within 28 days of filing this Notice of Removal, the Defendants shall file with this Court certified copies of the docket sheet and all document filed in the state court action, pursuant to L.R. 81.1(a).

15. Defendants reserve the right to amend of supplement this Notice of Removal and reserve all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

**WHEREFORE**, this action should be removed to the United States District Court for the District of Massachusetts.

PHH MORTGAGE CORPORATION

By: Its Attorneys

*/s/ Kevin W. Manganaro*
Maura K. McKelvey, BBO #600760
Kevin W. Manganaro, BBO #690082
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)
mmckelvey@hinshawlaw.com
kmanganaro@hinshawlaw.com

Dated:   August 18, 2022

1053299\311302077.v1

## **CERTIFICATE OF SERVICE**

  I, Kevin W. Manganaro, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

              */s/ Kevin W. Manganaro*
              Kevin W. Manganaro

1053299\311302077.v1